UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLOIRDA

Case No. 12-24288-Civ-COOKE/TORRES

PACA TRUST CREDITORS OF
WORLDWIDE *ex rel* WORLDWIDE
PRODUCE & GROCERIES, INC., and
FRESHPOINT SOUTH FLORIDA, INC.,

    Plaintiffs,

vs.

HARBOUR LOBSTER AND FISH CO., LTD.
d/b/a BUTLER'S SPECIALTY FOOD and
BUTLER'S FOOD WORLD, and
JEFFREY B. BUTLER, SR., individually,

    Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR JUDGMENT IN FAVOR OF PLAINTIFFS AND FOR RELEASE OF FUNDS

This is an action brought by Plaintiffs, PACA Trust Creditors of Worldwide ("Worldwide Creditors") *ex rel* Worldwide Produce & Groceries, Inc. ("Worldwide") and Freshpoint South Florida, Inc. ("Freshpoint") (collectively, "Plaintiffs") against Defendants Harbour Lobster and Fish Co., Ltd. d/b/a Butler's Specialty Food and Butler's Food World ("Harbour Lobster") and Jeffrey B. Butler, Sr. ("Mr. Butler") (collectively, "Defendants"). Plaintiffs alleged they sold and delivered wholesale quantities of produce to Harbour Lobster and were never paid for the goods. (ECF No. 14). Plaintiffs seek payment pursuant to the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), as well as the prompt payment provisions of 7 U.S.C. § 499e(b)(4).

I entered final default judgment against Defendants on May 30, 2014. (ECF No. 33). On July 18, 2014, Plaintiffs moved for issuance of a writ of garnishment against garnishee Wells Fargo Bank, N.A. ("Garnishee"). (ECF No. 38). The writ

1

of garnishment was issued (ECF No. 39), and Garnishee timely answered the writ of garnishment on July 25, 2014 (ECF No. 40), and filed an amended answer on August 6, 2014 (ECF No. 42) by stating that it is indebted to Defendants in the amount of $4,980.14.  On August 4, 2014, Mr. Butler also filed a document titled, "Defendants Response to Writ of Garnishment," (ECF No. 41), wherein he purported to assert several bases for "reversing" the writ of garnishment, including that Defendants' counsel had not been provided proper notice of this action, that PACA is inapplicable to foreign corporations, and that the monies held by Garnishee were already allocated to Florida providers.

On September 23, 2014, Plaintiffs filed a Motion for Judgment in Favor of Plaintiffs and for Release of Funds (the "Motion"), wherein Plaintiffs sought judgment in their favor and against Garnishee. (ECF No. 45).  I entered an Order to Show Cause (ECF No. 46) requiring the Plaintiffs to show cause why their Motion should not be denied for failure to comply with the notice requirements of Chapter 77 of the Florida Statutes.  Plaintiffs responded to the Order to Show Cause on April 16, 2015. (ECF No. 47).

In their Response to the Order to Show Cause, Plaintiffs submit the declaration of Nancy Dixon, an Advanced Certified Paralegal of Plaintiffs' counsel, who declared under penalty of perjury that she served a copy of the Writ of Garnishment on Defendants on July 18, 2014.  Plaintiffs further state that the Garnishee's amended answer (ECF No. 42) indicates that the Garnishee served the amended answer on Defendants.

## ANALYSIS

Florida's procedure in aid of execution governs the instant motion.  *See* Fed.R.Civ.P. 69.  Chapter 77 of the Florida Statutes provides the procedures for issuance and enforcement of writs of garnishment.  Garnishment statutes are strictly construed.  *Gigliotti Contracting North, Inc. v. Traffic Control Products of North Florida, Inc.*, 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001).

To obtain a writ of garnishment after judgment, Plaintiffs were required to file a motion stating the amount of the judgment.  Fla. Stat. § 77.03.  Plaintiffs satisfied this requirement (ECF No. 38), and the Clerk of the Court issued the writ of

2

garnishment that day (ECF No. 39).  Plaintiffs filed a verified return of service of the writ of garnishment on Garnishee.  (ECF No. 43).

After a writ of garnishment is issued, Chapter 77 requires Plaintiffs to provide two separate notices in connection with the garnishment proceeding.  Subsection 77.041(1) prescribes the first provision for notice to the defendants and the exact language of a "Notice to Defendant of Right Against Garnishment of Wages, Money, and Other Property."  Fla. Stat. § 77.041(1).  Subsection 77.041(2) requires Plaintiffs to mail by first class:

> [A] copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" [set forth in subsection 77.041(1)] to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later….The plaintiff shall file in the proceeding a certificate of such service.

Fla. Stat. § 77.041(2).

Section 77.055 provides for a second notice requirement, which is triggered when the garnishee files its answer.  Section 77.055 provides, in part:

> Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer….The plaintiff shall file in the proceeding a certificate of such service.

The docket does not reflect that Plaintiffs complied with these notice requirements, nor does Plaintiffs' Response to the Order to Show Cause indicate full compliance. While Plaintiffs timely served a copy of the writ of garnishment on Defendants, they fail to demonstrate that a copy of the motion for writ of garnishment or the "Notice to Defendant" was served, as required by Section 77.041(2).  Plaintiffs also admit that they did not serve Defendants with a copy of the garnishee's answer and the proper notice.  (ECF No. 47 at 2).  Without proof of

3

proper notice, I cannot grant the Motion.  *See, e.g.*, *Patino v. El Rey del Chivito Corp.*, No. 10-23726-CIV, 2013 WL 6670428 (S.D. Fla. Dec. 18, 2013); *Rudd v. First Union Nat'l Bank of Fla.*, 761 So. 2d 1189 (Fla. Dist. Ct. App. 2000).

Plaintiffs' Response to the Order to Show Cause requests the alternative relief of "leave to cure the procedural defect by serving Defendants with Garnishee Wells Fargo's Amended Answer with a notice to Defendants of their right to move to dissolve the Writ within 20 days of service pursuant to Fla. Stat. § 77.055." (ECF No. 47 at 3).  Plaintiffs' request would not correct the failure to comply with Section 77.041(2), nor would it satisfy the strict compliance standard imposed on writs of garnishment.  Therefore, I must deny Plaintiffs' request for alternative relief.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiffs' Motion for Judgment in Favor of Plaintiffs and for Release of Funds is **DENIED** *without prejudice*.  Plaintiffs shall have leave to re-file their motion for judgment in their favor on a writ of garnishment after fully complying with Chapter 77 of the Florida Statutes.

**DONE and ORDERED** in chambers, at Miami, Florida, this 21ST day of April 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

Harbour Lobster and Fish Co., Ltd.
757 SE 17th Street
Fort Lauderdale, Florida  33316

Harbour Lobster and Fish Co., Ltd.
P.O. Box F-40016
Freeport, G.B. Bahamas

Jeffrey B. Butler, Sr.
757 SE 17th Street
Fort Lauderdale, Florida  33316

Jeffrey B. Butler, Sr.
15 Ringwood Drive
Freeport, Bahamas